UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL ZIEGLER,

        Petitioner,

v.                               Case No. 11-C-731

DEBORAH MCCULLOGH,

        Respondent.

**ORDER DISMISSING PETITION AND
DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Ziegler, who is incarcerated under Wisconsin's Chapter 980 program, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his custody was imposed in violation of the Constitution. Specifically, he asserts that the psychologist who testified on behalf of the state suffers from Parkinson's disease, which means that his or her opinion should not have been used to involuntarily commit him.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The petition indicates that Petitioner has not sought any relief in the state courts. Federal habeas relief is only available after an inmate has presented his claims to the state courts. 28 U.S.C. § 2254(b). Because the claim has not been exhausted in state court, the petition is **DISMISSED**. *Rose v. Lundy*, 455 U.S. 509 (1982).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3). Here, I conclude that the outcome reached here is not debatable by reasonable jurists. Accordingly, the certificate of appealability is **DENIED**. The motion to proceed **IFP** is **GRANTED**, meaning that the filing fee is waived.

**SO ORDERED** this   16th   day of August, 2011.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge